IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BASTIAN BROMSE, ) | |
| ) | Civil Action No. 24-cv-6567 |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| v. ) | |
| ) | |
| UNITED AIRLINES, INC., ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendant. ) | |

Plaintiff, BASTIAN BROMSE, by his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendant, UNITED AIRLINES, INC. ("UNITED"), alleges the following upon information and belief:

## PARTIES

1. Plaintiff BASTIAN BROMSE is a resident of the Federal Republic of Germany and received injuries on an airline flight that departed from the U.S.

2. UNITED is a Delaware corporation with its headquarters located at 233 South Wacker Drive, Chicago, Illinois 60606.

3. At all times mentioned herein, UNITED was and is a common carrier engaged in the business of transporting passengers for hire by air.

4. At all relevant times mentioned herein, UNITED conducted regularly scheduled international flights to and from the U.S.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §

1331 because it presents a federal question pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

6. Subject matter jurisdiction is proper under Article 33 of the Montreal Convention because UNITED is a U.S. airline with its principal place of business in the U.S.

7. This Court has personal jurisdiction over UNITED because UNITED maintains its principal place of business within the Northern District of Illinois at 233 South Wacker Drive, Chicago, Illinois 60606.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because UNITED's principal place of business is located within this judicial district.

## FACTS OF THE CLAIM

9. On May 27, 2023, UNITED was and remains a common carrier engaged in the business of transporting passengers for hire by air.

10. On May 27, 2023, UNITED employed flight crews responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

11. On May 27, 2023, UNITED was responsible for the training, management, supervision, and/or control of its employees, agents, servants and/or contractors, including but not limited to their adherence to standard safety practices, policies and protocol.

12. On May 27, 2023, UNITED operated and controlled a certain jet aircraft designated as United Airlines flight 0235 from Washington-Dulles in Virginia (IAD) to Berlin, Germany (BER) (the "subject flight").

13. On May 27, 2023, BASTIAN BROMSE, was traveling on an international itinerary from Washington-Dulles in Virginia to Berlin, Germany.

14. On May 27, 2023, BASTIAN BROMSE, was a fare-paying passenger lawfully aboard the subject flight.

15. On May 27, 2023, the catering and meal service for the subject flight was provided, distributed, and/or otherwise controlled by UNITED through its crew members, employees, agents, servants and/or contractors.

16. On May 27, 2023, during meal service aboard the subject flight, BASTIAN BROMSE sustained serious injuries to the inside of his throat when he swallowed a piece of wire hidden inside his airline-provided meal.

17. The wire became lodged in his throat, and he was required to undergo a medical procedure to have the metal removed, which caused severe discomfort and pain.

## COUNT ONE: CLAIM FOR PERSONAL INJURIES
## PURSUANT TO THE MONTREAL CONVENTION

18. Plaintiff's injuries were caused by an accident pursuant to Article 17 of the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the ordinary operation of the aircraft.

19. As a result of the aforesaid accident, BASTIAN BROMSE was seriously injured.

20. As a result of the aforesaid accident, BASTIAN BROMSE suffered pain, agony and mental anguish.

21. As a result of the aforesaid accident, BASTIAN BROMSE was forced to expend sums of money on medical treatment.

22. As a result of the aforesaid accident, BASTIAN BROMSE was deprived of his enjoyment of life, pursuits and interests.

23. As a result of the foregoing, UNITED is liable to pay full, fair and reasonable compensatory damages to BASTIAN BROMSE pursuant to the Montreal Convention.

24. UNITED is strictly liable to pay all proven compensatory damages up to 128,821 Special Drawing Rights (a form of international money established by the International Monetary Fund), which currently totals approximately $170,000.

WHEREFORE, BASTIAN BROMSE hereby demands judgment against UNITED in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure BASTIAN BROMSE, hereby demands a trial by jury.

Dated: July 26, 2024
Chicago, Illinois

SMITH LACIEN LLP

*/s/ Brian LaCien*

_____
Brian LaCien
*Attorneys for Plaintiff*
Three First National Plaza
70 West Madison
Suite 2250
Chicago, IL 60602
Tel. (224) 243-7070
blacien@smithlacien.com